UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 05-cr-30040-MAP |
| | ) | |
| FELIX MORALES, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER RE: APPOINTMENT OF COUNSEL REGARDING
MOTION FOR RECONSIDERATION
(Dkt. No. 111)

December 28, 2017

PONSOR, U.S.D.J.

The government's motion for reconsideration raises an important question: does a judge have the power to clarify an ambiguity in paperwork that threatens arbitrarily to increase a defendant's prison term beyond what was intended? Given the seriousness of this issue, the court will appoint counsel to represent Defendant in connection with the pending motion.

The rather unusual background of this case is as follows.

On April 17, 2005, Defendant was arrested by Massachusetts authorities for drug-related offenses and released on bail.

On May 18, 2005, while on bail, Defendant was arrested for a separate drug-related offense.  This charge was originally also brought in state court, but the state charge was dismissed after Defendant was indicted in this court on June 9, 2005.  Even after his federal indictment, however, Defendant remained physically in state custody based on a probation violation.

On February 23, 2007, on a mittimus authorizing Defendant's temporary conveyance to federal court, Defendant appeared for sentencing, and the undersigned imposed a sentence of 240 months custody of the Bureau of Prisons.

A pause in the chronology is needed here.  At the time of this sentencing, everyone was aware through the Pre-Sentence Report of the pending state court charge based on criminal conduct antedating the conduct charged federally. Nevertheless, the government never requested that this court's sentence be designated to run consecutively to any subsequently imposed state sentence, either in its written memorandum or in its oral remarks.  Defense counsel never touched on the issue orally, but did request a fifteen-year sentence "to be served concurrently with his present (sic)

state sentence." (Dkt. 61 at 9.) Actually, the state court sentence was still to be imposed.

At the February 23, 2007, sentencing, the undersigned never explicitly addressed the issue of whether the twenty-year sentence was to run consecutively to, or concurrently with, the imminent state-court sentence. The topic never came up. The inference, however, is obvious. Among other things, the court described the twenty-year prison term as "a terribly long sentence" (Dkt. 72, Sentencing Transcript, at 33) and stated that "[w]hen you get out in 20 years, you will be 15 years younger than I am now." (Id. at 34.) The court added that "[y]ou're going to get good time if you keep your nose clean while you're in prison and you will be out and you will be in your mid-forties." (Id. at 35.) Later, the court described the prison term as "almost a life-extinguishing sentence" because of its long-term impact, even after Defendant's release. (Id. at 38.)

No time machine exists, as yet, to transport a judge back more than ten years into the precise cognitive landscape that formed his or her mind on the day of a sentencing. To claim this degree of exact recall would be

-3-

disingenuous. Nevertheless, it is possible to say, with absolute certainty, that the court's intent on February 23, 2007, was that the twenty-year prison term would run concurrently with the still-to-be-imposed state court sentence. This is confirmed by the tenor of the court's remarks (only some of which are quoted above), the residual state of the undersigned's memory, and by the undersigned's normal sentencing practice at the time. At the risk of repetition, and to switch into the first person: I am absolutely positive that my intention <u>at the time of sentencing</u> was that the twenty-year prison term run concurrently with any subsequently imposed state court sentence.

Three days after the federal sentencing proceeding, on February 26, 2007, Defendant appeared in the Hampden County Superior Court for sentencing for the criminal conduct predating the federal criminal conduct. Superior Court Judge Constance Sweeney imposed a sentence of five to seven years, with the explicit proviso that this term was to run <u>concurrently</u> with the already-imposed federal prison term. (<u>See</u> Exhibit A, attached.)

-4-

Three days after this, on March 1, 2007, the formal
judgment issued in this case.  (Dkt. No. 67.)
Unfortunately, this paperwork omitted any reference, one way
or the other, as  to whether the federal sentence imposed on
February 23, 2007, should run concurrently with, or
consecutive to, the state sentence imposed on February 26.

Defendant served his state prison term and was released
into federal custody on November 22, 2013.  It appears now
that, contrary to the intentions of both the undersigned and
the state court judge, the Bureau of Prisons ("BOP") has
computed Defendant's twenty-year sentence to begin from the
date he was released from state court custody.  The BOP's
practice, apparently, is to decline to examine any state
court docket in making its sentencing computation -- which
effectively negated Judge Sweeney's intent here -- and to
construe any ambiguity in the federal docket in the
direction of a consecutive, rather than a concurrent,
sentence.  The upshot is that Defendant now faces an
effective sentence substantially greater than the twenty
years that was intended by both this court and the
Massachusetts state court at the time of his sentencings.

-5-

On November 2, 2017, Defendant filed a pro se letter
(bearing the date August 20, 2017) inquiring about his
sentence, which he contended was significantly longer than
this court intended.  For purposes of docketing, the letter
was designated a Motion to Alter Judgment.  (Dkt. No. 106.)
The letter requested the court take action so that
Defendant's sentence would be "consistent with your
intentions at my sentencing hearing on January 23 (sic),
2007."  (Id.)

On Nov. 16, 2016, the government filed a one-page
opposition to Defendant's letter motion, contending that the
court lacked authority under Fed. R. Crim. P. 35 or 36 to
clarify its sentence. (Dkt. No. 107.)

On November 21, 2017, after consulting with the U.S.
Probation and Pretrial Services Office as to the proper way
to correct the BOP's miscalculation, the court issued a
memorandum and order clarifying the sentence and stating
that it intended the twenty-year prison to run "concurrently
with any sentence imposed in state court." (Dkt. No. 108 at
1 (emphasis in original).) As the court noted in that
memorandum, this clarification was "not intended to change

the original sentence, but merely to clarify the court's intent in imposing that sentence back in 2007." (<u>Id.</u> at 1-2.)

On December 12, 2017, the government filed a motion for reconsideration of the court's clarification. (Dkt. No. 111.) Again, the government argued that the court had no power to clarify its original intent and ensure that Defendant served the sentence that the court actually intended to impose. A deeper analysis must await the filing of an opposition to the government's motion by appointed counsel, but even a superficial reading of the government's memorandum appears to reveal problems with its position. The cases cited by the government do not appear to address the situation presented here, where the sentencing judge is not attempting to change a sentence, but is merely clarifying -- in the context of an omission in the written judgment -- what the judge knows, personally, was his intention at the time of sentencing.

Moreover, the highly unusual circumstances of this case do not appear to justify the government's parade of horribles that will supposedly result from this

-7-

clarification.   The real risk is of a gross injustice resulting from a sentence that the government never asked for, and that neither the undersigned nor the state court judge ever intended.

On December 21, 2017, prior to the expiration of the permitted opposition period, and before the court had an opportunity to rule on the pending motion for reconsideration, the government filed a notice of appeal of the court's November 21 order.  (Dkt. No. 112.)  On December 28, 2017, Defendant filed his pro se opposition to the motion for reconsideration.  (Dkt. No. 114.)

Although the issue requires further analysis with assistance of counsel, the risk of a miscarriage of justice here appears substantial.  With this in mind, the court hereby appoints the Federal Public Defender to represent the Defendant and to file on or before January 26, 2018, an opposition to the government's motion for reconsideration. The government will have until February 5, 2018 to file its reply, if it wishes to.

It is So Ordered.

MICHAEL A. PONSOR

-8-

**U.S. District Judge**

3 of 3

Hampden Division
Superior Court Department
Marie G. Mazza
Clerk/Magistrate

*Exhibit A*

Case No. 05-435
(1-3)

PAGE 3
CLERK'S DOC

COMMONWEALTH v.

*Julie Morales*

| Date | Judge | Page | Schedule | Atty | Guidance |
|---|---|---|---|---|---|
| 1.17.07 | Sweeney | — | Case sent to Julie Sweeny for full short-tral session | Cell | — |
| 2.15.07 | Sweeny | 6 | cont 2.26.07 disparity due to issue | Chomo | Atzal |
| 2.26.07 | Sweeney | 6 | WFB on second offense portion of indictment — nb plea entered | Chomoch | Pellion |
| | | | Retracts and pleads guilty. | | |
| | | | Court accepts plea. agreed plea | | |
| | | ct 1 | Sentence M.C.I. Cedar Junction for not more than 5 years and and not less than 5 years. Deft notified of right of appeal n/c 6y | | |
| Concurrent → | | | conc with federal sentence now serv'n 3-05CA-30040-map-1 credit TBD 90 victim fee drug fee waived due to hardship DNA ct 22.1E.13 given | | |
| | | ct 2 | Sentence M.C.I. Cedar Junction for not more than 5 years and and not less than 5 years. Deft notified of right of appeal conc ct1 + federal issued | | |
| | | | sentence now serv'n | | |